## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Green

v.

District of Columbia et al.

November 1, 1989

Case No. (Law) 12112

By JUDGE ALFRED D. SWERSKY

Defendant, District of Columbia, has filed a Motion to Dismiss this action asserting that this Court lacks jurisdiction over it. Two grounds are raised. First, defendant argues that it is a "unique governmental entity" subject to the plenary power of Congress and, therefore, not subject to being sued in the courts of the various states. Second, it argues that since the funds of the District of Columbia are appropriated by Congress, the states are without authority to subject these funds to payment of money judgments.

These arguments must fail, and the Motion to Dismiss will be denied.

The first argument of defendant ignores the clear grant of powers and duties made by Congress to the District in D.C. Code, § 1-102(a), which constitutes the District as "a body corporate for municipal purposes and may . . . sue and be sued, plead and be impleaded." No territorial or other jurisdictional limitations are placed on these duties. The District argues that the creation by Congress of its court system to adjudicate certain civil matters (D.C. Code, § 11-921) implies that Congress intended for these actions (i.e., those against the District of Columbia) to be brought only in that court system. No support for such an implication can be found in the legislation that grants home rule, creates the court system, and waives

governmental immunity in automobile negligence cases (D.C. Code, § 1-1212). Absent some congressional action stating a limitation on the District's right to sue and its capacity to be sued, this court will not limit the broad mandate given in D.C. Code, § 1-102, *et seq. See, Board of Supervisors v. United States*, 408 F. Supp. 556 (E.D. Va. 1976).

In its second argument, the District invokes the doctrine of *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L. Ed. 579 (1819), in asserting Congress's immunity from state action to tax or otherwise burden its exercise of power. Such reliance is misplaced. While it is true that the budget of the District is subject to Congressional approval and requires submission to the President of the United States (D.C. Code, § 1-233(c)(1)), the award of damages against the District is not an award against the United States nor against Congress. The courts have not treated the District as a federal agency for tort purposes. *See, Cannon v. United States*, 645 F.2d 1128 (D.C. Cir. 1981).

Agreement with the District's argument in this case would have that effect. Such a result would lead to the incongruous result that the District could not be sued for tort even in its own courts. Congress, by enacting the waiver of the District's sovereign immunity in automobile negligence cases clearly did not intend such a result.

In short, no statutory nor constitutional basis exists for the District to assert immunity from suits in the Commonwealth of Virginia. *Nevada v. Hall*, 440 U.S. 410 (1979).